UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **MARCUS DIONISIO**<br>    **Plaintiff,** | )<br>)<br>) |
| v. | )<br>) Case No.<br>) 5:21-cv-0000680-DCB-LGI |
| **SOUTHERN FINANCIAL SYSTEMS INC.,**<br>    **Defendant.** | )<br>)<br>) |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW Southern Financial Systems, Inc. ("SFS") by and through counsel and responds as follows to Plaintiff's First Set of Requests for Production of Documents.

SFS objects to the "instructions" and "definitions" included in the Requests for Production of Documents to the extent that they are inconsistent with the requirements of the applicable Federal Rules of Civil Procedure ("Fed. R. Civ. P."). In answering these Requests for Production of Documents, SFS is guided by the actual requirements of the Fed. R. Civ. P.

**REQUETS FOR PRODUCTION**

1. **PRODUCE:** Please produce a copy of each document involving communication(s) or contact(s) between you and the following entities [or any of their agents, representatives, attorneys and employees], which in any way references Plaintiff or any of his personal identifiers, or any allegation or defense asserted in this action:

   a) Marcus Dionisio;
   b) Trans Union, LLC

   c) Equifax Information Services
   d) Experian Information Solutions;
   e) Hub Care Pathology;
   f) Any state or federal government entity;
   g) Any other consumer reporting agency; and
   h) Any other defendant in this case.

**OBJECTION: Please see SFS's pending Motion to Dismiss or for summary judgment which is incorporated by reference and identifies the parties to the single incoming telephone call initiated by Plaintiff and includes a transcript of the recording of that call; see also Kimberly Amacker's Declaration Under Penalty of Perjury attached thereto with relevant documents.**

**RESPONSE: Please see SFS's pending Motion to Dismiss or for summary judgment which is incorporated by reference and identifies the parties to the single incoming telephone call initiated by Plaintiff and includes a transcript of the recording of that call; see also Kimberly Amacker's Declaration Under Penalty of Perjury attached thereto with relevant documents.**

2.   **PRODUCE:** Please produce a copy of each of your computer data system screens and files which in any way references Plaintiff and/or his personal identifiers.

**RESPONSE: Please see SFS's pending Motion to Dismiss or for summary judgment which is incorporated by reference and the Declaration Under Penalty of Perjury of Kimberly Amacker which attaches an itemization of the $244 account owed to Hub Care Pathology as Exhibit B thereto**

3.   **PRODUCE:** Please produce any and all policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in the investigation or

reinvestigation of credit data and compliance with 15 U.S.C. 1692, et. seq., and 15 U.S.C. 1681s-2[b].

**OBJECTION: Plaintiff never disputed anything in his single incoming telephone call to SFS; therefore, SFS had no cause to investigate or reinvestigate Plaintiff's credit data. As a result, this request is not reasonably related to any legitimate claim or defense asserted by Plaintiff and is outside the scope of permissible discovery. A Plaintiff cannot manufacture an FDCPA claim by initiating a call to a debt collection agency. Plaintiff lacks Article III standing to assert any such claim because the single debt that he inquired about during his incoming phone call was legitimately incurred and accurately reported by SFS to the actual CRA's.**

**RESPONSE: Please see SFS's pending Motion to Dismiss or for summary judgment which is incorporated by reference and the Declaration Under Penalty of Perjury of Kimberly Amacker discussing its policy in reference to valid disputes.**

**4. PRODUCE:** Please produce your policies, guidelines, and procedures for processing consumer dispute verification communications from any consumer reporting agency (15 U.S.C 1692, et. seq.,) and (15 U.S.C. 1681S-2[b]) to whom you subscribe(d).

**OBJECTION: Plaintiff never disputed anything in his single incoming telephone call to SFS; therefore, this request is not reasonably related to any legitimate claim or defense asserted by Plaintiff and is outside the scope of permissible discovery. A Plaintiff cannot manufacture an FDCPA claim by initiating a call to a debt collection agency. Plaintiff lacks Article III standing to assert any such claim because the single debt that he inquired about during his incoming phone call was legitimately incurred and accurately reported by SFS to the actual CRA's.**

**RESPONSE:** Please see SFS's pending Motion to Dismiss or for summary judgment which is incorporated by reference and the Declaration Under Penalty of Perjury of Kimberly Amacker discussing its policy in reference to valid disputes.

5.  **PRODUCE:** Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures regarding the reporting of credit data.

**RESPONSE:** See Defendant's Objection and Response to Request for Production No. 4.

6.  **PRODUCE:** Please produce all dispute resolution [DR] logs and records you created which reference plaintiff or any of her personal identifiers.

**RESPONSE:** See Defendant's Objection and Response to Request for Production No. 4.

7.  **PRODUCE:** Please produce any and all of your manuals describing and explaining how your credit database system captures and stores credit report and dispute data upon access and maintenance by your employees or upon periodic system backup or maintenance.

**OBJECTION: This request is not reasonably related to any legitimate claim or defense asserted by Plaintiff and is outside the scope of permissible discovery.**

**RESPONSE:** See Defendant's Objection and Response to Request for Production No. 4.

8.  **PRODUCE:** Please produce your documents discussing the Metro Tape Format which you utilize to report your consumer credit data to consumer reporting agencies.

**OBJECTION: This request is not reasonably related to any legitimate claim or defense asserted by Plaintiff and is outside the scope of permissible discovery.**

**RESPONSE:** See Defendant's Objection and Response to Request for Production No. 4.

9. **PRODUCE:** Please produce your policy manuals, procedure manuals, or other documents, which address the amount and type of information required of any consumer disputing any item of information of one of your accounts, in order to cause you to initiate your correction, update, modification and/or deletion of the disputed date.

**OBJECTION: Plaintiff never disputed anything in his single incoming telephone call to SFS; therefore, this request is not reasonably related to any legitimate claim or defense asserted by Plaintiff and is outside the scope of permissible discovery. A Plaintiff cannot manufacture an FDCPA claim by initiating a call to a debt collection agency. Plaintiff lacks Article III standing to assert any such claim because the single debt that he inquired about during his incoming phone call was legitimately incurred and accurately reported by SFS to the actual CRA's.**

**Response:** See Objection.

10. **PRODUCE:** Please produce your policy manuals, procedure manuals, or other documents, which address instructions or directions, provided to your company by each consumer reporting agency, with regard to the means, methods and guidelines for communication corrections of credit reports.

**OBJECTION: Plaintiff never disputed anything in his single incoming telephone call to SFS; therefore, this request is not reasonably related to any legitimate claim or defense asserted by Plaintiff and is outside the scope of permissible discovery. A Plaintiff cannot manufacture an FDCPA claim by initiating a call to a debt collection agency. Plaintiff lacks Article III standing to assert any such claim because the single debt that he inquired about during his incoming phone call was legitimately incurred and accurately reported by SFS to the actual CRA's.**

**Response:** See Defendant's Objection and Response to Request for Production No. 4.

11.   **PRODUCE:** Please produce copies of any and all credit reports generated and/or issued to you concerning Plaintiff or which bear any of the personal identifiers of Plaintiff. In connection therewith, please identify the supplier of each document.

**OBJECTION: Plaintiff never disputed anything in his single incoming telephone call to SFS; therefore, this request is not reasonably related to any legitimate claim or defense asserted by Plaintiff and is outside the scope of permissible discovery. A Plaintiff cannot manufacture an FDCPA claim by initiating a call to a debt collection agency. Plaintiff lacks Article III standing to assert any such claim because the single debt that he inquired about during his incoming phone call was legitimately incurred and accurately reported by SFS to the actual CRA's.**

**Response:** See Defendant's Objection and Response to Request for Production No. 4.

12.   **PRODUCE:** Please produce all consumer dispute verification forms, automated consumer dispute verification forms and universal data forms and other instructions for data changes going to and from any each consumer reporting agency which in any degree reference plaintiff or any of his persona identifier.

**OBJECTION: Plaintiff never disputed anything in his single incoming telephone call to SFS; therefore, this request is not reasonably related to any legitimate claim or defense asserted by Plaintiff and is outside the scope of permissible discovery. A Plaintiff cannot manufacture an FDCPA claim by initiating a call to a debt collection agency. Plaintiff lacks Article III standing to assert any such claim because the single debt that he inquired about during his incoming phone call was legitimately incurred and accurately reported by SFS to the actual CRA's.**

**Response:**   See Defendant's Objection and Response to Request for Production No. 4.

13.   **PRODUCE:** Please produce copies of any and all consumer dispute verifications(s) documents (CDV's or ACDV's) or Universal Data Forms or their equivalent] you sent to any person or which you received from any person, which in any way references Plaintiff, any of his personal identifiers, or any allegation or defense in this action.

**OBJECTION: Plaintiff never disputed anything in his single incoming telephone call to SFS; therefore, this request is not reasonably related to any legitimate claim or defense asserted by Plaintiff and is outside the scope of permissible discovery. A Plaintiff cannot manufacture an FDCPA claim by initiating a call to a debt collection agency. Plaintiff lacks Article III standing to**

**assert any such claim because the single debt that he inquired about during his incoming phone call was legitimately incurred and accurately reported by SFS to the actual CRA's.**

**RESPONSE:  See Defendant's Objection and Response to Request for Production No. 4.**

14.  **PRODUCE:** Please produce any and all work papers, notes and documents provided to and in the file of any expert witness, including any alleged employee expert witness€, who may or will testify in this case, or in the file of any alleged expert who has written a report which has been, may be, or will be relied upon, in whole or in part, by a testifying expert.

**RESPONSE: None.**

15.  **PRODUCE:** Please produce any and all expert reports which have been prepared in connection with this lawsuit or the incident giving rise to his lawsuit, if the expert is expected to or may testify in this case.

**RESPONSE: None.**

16.  **PRODUCE:** Please produce any and all expert reports that were or will be relied upon, in whole or in part, or which were produced by any expert retained or engaged by you.

**RESPONSE: None.**

17.  **PRODUCE:** Please produce copies of any statements or recordings you have made, taken or received from Plaintiff or any third person in any way connected with this action.

**RESPONSE:  Please see SFS's pending Motion to Dismiss or for summary judgment which is incorporated by reference and identifies the parties to the single incoming telephone call initiated by Plaintiff and includes a transcript of the recording of that call.**

## **CERTIFICATE OF SERVICE**

I, **William V Westbrook, III**, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., hereby certify that on November 29th, 2021, I mailed via U. S. Postal Service Certified Mail a true and correct copy of the foregoing DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS to the *pro se* Plaintiff at the following address:

Mr. Marcus Dionisio
144 Mount Carmel
Natchez, MS 39120

This the 29th day of November 2021.

*/s/ William V. Westbrook, III*
**WILLIAM V. WESTBROOK III**

Respectfully submitted, this the 29th day of November 2021.

**BY:** */s/William V. Westbrook, III*
**WILLIAM V. WESTBROOK, III, MSB #7119**
Page, Mannino, Peresich & McDermott, PLLC
759 Howard Avenue (39530)
Post Office Box 289
Biloxi, Mississippi 39532
Telephone:   228.374.2100
Facsimile:   228.374.3838
cwestbrook@pmp.org